UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN,<br><br>        Plaintiff,<br><br>   v.<br><br>C. DAVIS et al.,<br><br>        Defendants. | No.  2:15-cv-1467 JAM KJN P (TEMP)<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**28 U.S.C. § 1915(g)**

The federal in forma pauperis statute includes a limitation on the number of actions in which a prisoner can proceed in forma pauperis.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [§ 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). See also Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999) ("[T]he plain language of § 1915(g) requires that the court look at cases dismissed prior to the enactment of the [Prison Litigation Reform Act] to determine when a prisoner has used his three strikes.").

1      For purposes of § 1915(g), the court must determine whether plaintiff has, on three or
2  more occasions prior to the filing of this new action, brought a civil action or appeal that was
3  dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which
4  relief could be granted.  Where a court denies a prisoner's application to file an action without
5  prepayment of fees on the grounds that the submitted complaint is frivolous, malicious or fails to
6  state a claim upon which relief may be granted, the complaint has been "dismissed" for purposes
7  of § 1915(g).  O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

## DISCUSSION

9      Court records reflect that plaintiff filed this action after having brought three or more prior
10  civil actions that this court dismissed on the grounds specified in 28 U.S.C. § 1915(g).
11  Specifically, plaintiff suffered a strike for purposes of § 1915(g) on March 13, 2006, when the
12  United States District Court for the Northern District of California dismissed Blackman v.
13  Medina, No. 3:05-cv-5390-SI (N.D. Cal.), for failure to state a claim.  Plaintiff suffered a second
14  strike on May 18, 2007, when the Fresno Division of this court dismissed Blackman v. Taxdahl,
15  No. 1:04-cv-6389 AWI LJO (E.D. Cal.), for failure to state a claim.  Plaintiff suffered a third
16  strike on February 3, 2009, when the Fresno Division of this court dismissed Blackman v. Evans,
17  1:06-cv-0081 GSA (E.D. Cal.), for failure to state a claim.  Finally, the court notes that both the
18  Sacramento and Fresno Divisions of this court have consistently found that plaintiff has "struck
19  out" under § 1915(g).  See, e.g, Blackman v. Stainer, No. 2:14-cv-2958 KJM KJN (ECF No. 9);
20  Blackman v. Hedgpath, No. 1:10-cv-1393 LJO MJS (ECF No. 4).[1]

21      Plaintiff commenced this action in July 2015, by filing a civil rights complaint.
22  Subsequently, he filed an application to proceed in forma pauperis.  As discussed above,
23  however, court records reflect that plaintiff previously brought three or more prior federal cases
24  that this court dismissed for failure to state a claim.  Accordingly, pursuant to § 1915(g), plaintiff
25  must submit the appropriate filing fee in order to proceed with this action.[2]

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] There is an exception to the three-strike bar of § 1915(g), which allows a prisoner to use in forma pauperis status to bring a civil action despite three prior dismissals where the prisoner is

2

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 8) is denied; and

2. Within fourteen days of the date of this order, plaintiff shall pay the full filing fee for this action ($400.00). Failure to comply with this order will result in a recommendation for dismissal of this action.

Dated: May 9, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ec
blac1467.56

---

under imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1056-57 (9th Cir. 2007). In his complaint now before this court, plaintiff has not alleged that he was "under imminent danger of serious physical injury" when he filed this action. Accordingly, the imminent danger exception under 28 U.S.C. § 1915(g) is not available to plaintiff in connection with this action.